**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,  </br></br>Plaintiff,  </br></br>v.  </br></br>MICRON TECHNOLOGY, INC.,  </br></br>Defendant. | CIVIL ACTION </br>NO. 16-11249-WGY </br></br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MICRON TECHNOLOGY, INC.'S
RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE**

Micron's Rule 12(b)(3) Motion to Dismiss for Improper Venue should be denied for at least the following reasons:

*First*, Micron failed to assert improper venue in its August 2016 Rule 12 motion, and thus waived it. Relying on the recent decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341, 581 U.S. ___ (May 22, 2017), Micron argues that an improper venue defense "was not available under applicable Federal Circuit precedent" at that time. However, the defense was just as available to Micron in August 2016 as it was to TC Heartland in June 2014, when TC Heartland first preserved its defense of improper venue by raising it in a Rule 12 motion, later pressing the issue all the way to the Supreme Court. As the *TC Heartland* decision underscores, the Supreme Court's 1957 decision on corporate residence under 28 U.S.C. § 1400(b) always has remained good law. *See TC Heartland*, slip op. at 7-8. Micron cannot claim that a defense firmly established under Supreme Court precedent 60 years ago was "unavailable."

*Second*, after waiving the improper venue defense, Micron explicitly submitted to venue in this District by asserting a permissive counterclaim for declaratory judgment of invalidity.

*Finally*, regardless of whether Micron "resides" in this District, Micron has a regular and established place of business in this District sufficient to meet the second prong of 28 U.S.C. § 1400(b). Micron admits in its Motion that its subsidiary, Micron Semiconductor Products, Inc., employs four individuals who live and work in Massachusetts. As described in further detail below, Micron's subsidiary is not truly independent of Micron. That Micron does its business through a continuous presence in this District is sufficient to establish venue.

Accordingly, and as explained in more detail below, Harvard respectfully requests that this Court deny Micron's Rule 12(b)(3) Motion to Dismiss for Improper Venue.

## I.   PROCEDURAL HISTORY

In its initial Complaint, filed on June 24, 2016, Harvard alleged that "[v]enue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400." Complaint, ECF No. 1 ¶ 5. On August 15, 2016, Micron filed a motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but did not seek dismissal under Fed. R. Civ. P. 12(b)(3), or mention any objection to venue. *See* ECF Nos. 19 (Motion), 20 (Memorandum in Support), & 21 (Declaration) (collectively, "Micron's 12(b)(6) Motion"). The Court granted Micron's 12(b)(6) Motion; Harvard subsequently was allowed to, and did, file an Amended Complaint on January 20, 2017. *See* ECF Nos. 33, 49, 50. Harvard's Amended Complaint retained Harvard's allegation that "[v]enue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400." *Id*. at ¶ 5.

On February 10, 2017, Micron moved to stay the case in favor of four petitions for *inter partes* review (the "IPRs") that Micron previously had filed with the United States Patent and Trademark Office ("PTO"). *See* ECF Nos. 54 (Motion), 55 (Memorandum in Support), & 56

(Declaration) (collectively, "Micron's Motion to Stay"). The Court denied Micron's Motion to Stay on March 30, 2017, and placed the case on the running trial list for April 2018. *See* ECF No. 71.

On February 27, 2017, Micron filed its Answer to the Amended Complaint, in which Micron did not contest personal jurisdiction. *See* ECF No. 58 ¶ 4. Although it asserted a *pro forma* denial of Harvard's venue allegations, Micron's Answer did not contain an affirmative defense of improper venue or any further basis for objecting to venue. *See id.* at ¶ 5. Moreover, Micron's Answer contained two counterclaims for declaratory judgments of noninfringement and invalidity, respectively, in support of which Micron alleged that Harvard "has consented to venue in this Court by bringing this action against Micron." *See id.* at 13-15, 13 ¶ 4. Micron filed its First Amended Answer on March 20, 2017, removing its noninfringement counterclaim, but leaving its counterclaim for invalidity. *See generally* ECF No. 69.

Micron filed the instant Rule 12(b)(3) Motion to Dismiss for Improper Venue on June 2, 2017. *See* ECF Nos. 83 (Motion) & 84 (Memorandum in Support) (collectively, the "Motion").

## II.   LEGAL STANDARD

### A.   Waiver Of Defense Of Improper Venue.

The defense of improper venue is a personal privilege which may be waived by a defendant. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *Martin v. Fischbach Trucking Co.*, 183 F.2d 53, 54 (1st Cir. 1950). *See also Panhandle E. Pipe Line Co. v. Fed. Power Com.*, 324 U.S. 635, 638-39 (1945) ("Venue relates to the convenience of litigants," "may be waived by any party," and "may be lost unless seasonably asserted.") (citations omitted). As such, a "plaintiff need not plead venue; rather, lack of venue is an affirmative defense." *Bower v. Mirvat El-Nady Bower*, No. 10-10405-NG, 2011 U.S. Dist. LEXIS 35437, at *15 (D. Mass. Mar. 14, 2011) (internal quotation omitted); 17 *Moore's Federal Practice* § 110.01[5][c]

("When the defendant timely objects to venue, courts should treat the venue question as an affirmative defense. Therefore, the defendant has the burden of establishing that venue is improper."). Once a timely challenge to venue has been raised, the plaintiff may respond with evidence outside of the complaint to establish that venue is proper. *Turnley v. Banc of Am. Inv. Servs., Inc.*, 576 F. Supp. 2d 204, 211 (D. Mass. 2008).

However, "[u]nder Federal Rule of Civil Procedure 12(h) the defense[] of … improper venue … [is] waived if [it is] not included in a preliminary motion under Rule 12, or if no such motion is made, [it is] not included in the first responsive pleading." *Polaroid Corp. v. Feely*, 889 F. Supp. 21, 23 (D. Mass. 1995) (citing Fed. R. Civ. P. 12(h)) (noting a defendant wishing to raise a defense of improper venue must do so in its "<u>first</u> defensive move, be it a Rule 12 Motion or a responsive pleading") (emphasis in original). "[T]he First Circuit has consistently applied a strict waiver rule" where a motion for improper venue is "not included in a preliminary motion under Rule 12." *Id.*; *see also Plunkett v. Valhalla Investment Servs., Inc.*, 409 F. Supp. 2d 39, 41 (D. Mass. 2006) ("Failure to raise [12(b) defenses] in the initial response results in permanent waiver of the defense, leading Rule 12(h) to be dubbed the 'raise or waive' rule. The importance of the rule is to eliminate unnecessary delays in the early stages of a lawsuit by requiring that all Rule 12 defenses be advanced before consideration of the merits of the case."). In other words, "Rule 12(h) waiver is mandatory, not discretionary, and the First Circuit has consistently applied a strict waiver rule to such cases." *Polaroid Corp.*, 889 F. Supp. at 23.

B.   **Venue In Patent Infringement Actions.**

In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or *where the defendant has committed acts of infringement and has a regular and established place of business*." 28 U.S.C. § 1400(b) (emphasis added). According to the

Federal Circuit, the appropriate inquiry for whether a corporation "has a regular and established place of business" is "whether the corporate defendant does its business in [a] district through a permanent and continuous presence there and not … whether it has a fixed physical presence in the sense of a formal office or store." *In re Cordis Corp.*, 769 F. 2d 733, 735-37 (Fed. Cir. 1985) (finding proper venue in a district where a defendant corporation had two full-time sales representatives working out of their homes, even though defendant was not registered to do business in the district, did not have a bank account in the district, and did not own or lease any real property within the state). Further, courts reviewing venue challenges under § 1400(b) in this District have been "willing to look beyond the form to the substance of a corporate relationship and find venue over a foreign parent where the local subsidiary is merely an agent through which the parent conducts business in the jurisdiction with no real semblance of individual identity." *Stanley Works v. Globemaster, Inc.*, 400 F. Supp. 1325, 1330-33 (D. Mass. 1975) (finding that "where parent and subsidiary have disregarded all but the formalities of separation, their paper independence must be ignored for purposes of venue").

        C.      **The Supreme Court's Recent Decision In *TC Heartland*.**

On May 22, 2017, the Supreme Court held that a "domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, slip op. at 5. In so ruling, the Supreme Court noted that its 1957 decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957), "definitively and unambiguously held that the word 'reside[nce]' in § 1400(b) has a particular meaning as applied to domestic corporations: It refers only to the State of incorporation." *TC Heartland*, slip op. at 7 (bracketed language in original). Although the Supreme Court never had overruled *Fourco*, the case's continued validity was at issue in *TC Heartland* because an earlier Federal Circuit decision found that *Fourco* had been

overruled by amendments to § 1391, which purportedly changed the meaning of § 1400(b).  *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579-83 (Fed. Cir. 1990).

The Supreme Court rejected the Federal Circuit's reasoning in *VE Holding* and found that *Fourco* remains the controlling law.  *See TC Heartland*, slip op. at 8 ("The current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted in *Fourco*.").  The Supreme Court further found no indication that, as the *TC Heartland* plaintiff argued, "Congress in 2011 ratified the Federal Circuit's decision in *VE Holding*" by virtue of the 2011 amendments to § 1391; rather, "Congress has not amended § 1400 since *Fourco*."  *TC Heartland*, slip op. at 9, 8.

## III. ARGUMENT

### A. Micron Waived Its Ability To Challenge Venue.

#### 1. Micron Waived Any Challenge To Venue Pursuant To Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(b).

There is no dispute that Micron failed to include a Rule 12(b)(3) motion – or any objection to venue – with its Rule 12(b)(6) Motion.  By not bringing a challenge to venue in its <u>first</u> defensive move, Micron waived its ability to object to venue under the strict provisions of Rule 12(h) and should not be permitted to bring a belated challenge now.  *See, e.g.*, *Moore v. S. N.H. Med. Ctr.*, No. 08-11751-NMG, 2009 U.S. Dist. LEXIS 123887, at *27-29 (D. Mass. Aug. 18, 2009) ("By not raising its improper venue defense in its first response, to wit, the motion to dismiss, [defendant] waived its right to do so in the subsequently filed motion to join."); *see also Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt.*, 364 F.3d 884, 887 (7th Cir. 2004) ("These defenses [*i.e.*, venue] are strictly for the convenience of the defendant; he doesn't have to engage in discovery to know whether the forum chosen by the plaintiff is a convenient one; and so there is no reason to allow him to lie back, wait until the plaintiff has invested resources in preparing

for suit in the plaintiff's chosen forum, wait perhaps to assess his prospects in that forum, and only then demand that the case start over elsewhere.").

Micron further waived its ability to challenge venue under 28 U.S.C. § 1406(b), which provides that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." *See also Fischbach Trucking*, 183 F.2d at 54 ("There is no doubt that venue is a personal privilege which may be waived by a defendant.") (citing § 1406(b)); *Sweeney v. Resolution Trust Corp.*, 765 F. Supp. 33, 35 (D. Mass. 1991) ("venue may be waived by a party who fails to interpose a timely objection") (citing § 1406(b)); *Renaudette v. Astrue*, 482 F. Supp. 2d 121, 123 n.4 (D. Mass. 2007).

Micron's venue challenge is anything but timely: Micron waited to raise it until nearly one year after the Complaint was filed – that is, nearly ten months after filing its Rule 12(b)(6) Motion, more than four months after Harvard amended its Complaint, and more than three months after Micron filed its Answer.  *See, e.g.*, *W. A. Stackpole Motor Transp., Inc. v. Malden Spinning & Dyeing Co.*, 263 F.2d 47, 50 (1st Cir. 1958) ("the privilege must be 'seasonably' asserted; else it is waived, and to be seasonable, it must be asserted at the latest before the expiration of the period allotted for entering a general appearance and challenging the merits") (quoting *Commercial Casualty Ins. Co. v. Stone Co.*, 278 U.S. 177, 179, 180 (1929)) (internal quotation omitted).  Further, Harvard's Amended Complaint, which did not affect any facts or allegations related to venue, did not resurrect Micron's ability to challenge venue.  *See, e.g.*, *Marcimo v. Thermospas, Inc.*, No. 09-40193-TSH, 2010 U.S. Dist. LEXIS 136606, at *17-18 (D. Mass. Dec. 14, 2010) ("[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the

amendment of the pleading") (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1388).

Moreover, unlike Rule 12, § 1406(b) does not contain any means for Micron to excuse its dilatory challenge to venue by claiming that it was not "available." *See, e.g.*, *Georcely v. Ashcroft*, 375 F.3d 45, 49 (1st Cir. 2004) ("Objections to venue are normally waived unless asserted in timely fashion. … Venue requirements are normally for the convenience of the parties and, if the parties do not object, ordinarily there is no policy objection to proceeding in any court with jurisdiction.") (citing, *e.g.*, § 1406(b)).  It is undisputed that Micron failed to object to venue in a timely way, and the Court should deny Micron's Motion on this basis alone.

### 2.     Micron's Objection To Venue Was Available.

Anticipating Harvard's argument that Micron waived any challenge to proper venue in this District, Micron argues that the objection "was not 'available'" because at the time of its Rule 12(b)(6) Motion, "the meaning of 'resides' in § 1400(b) had been 'firmly resolved by *VE Holding*, [then] a settled precedent for over 25 years.'" ECF No. 84 at 4-5 (quoting *In re TC Heartland LLC*, 821 F. 3d 1338, 1341 (Fed. Cir. 2016)).  This argument is unavailing for two reasons.

First, Micron's reliance on the Federal Circuit's 2016 *TC Heartland* decision is misplaced.  As the Supreme Court explained in reversing the Federal Circuit's decision, the meaning of "resides" in § 1400(b) was firmly resolved sixty years ago in the Supreme Court's own holding in *Fourco*.  *See TC Heartland*, slip op. at 7-8 (citing *Fourco*, 353 U.S. at 226, which "concluded that for purposes of § 1400(b) a domestic corporation 'resides' only in its State of incorporation").  The Federal Circuit's post-*VE Holding* decisions regarding venue in patent cases, however uniformly followed by defendants in district courts, cannot dislodge an

authoritative holding by the Supreme Court. "[O]nly [the Supreme Court] may overrule one of its precedents." *Thurston Moto Lines, Inc. v. Jordan K. Rand*, 460 U.S. 533, 535 (1983).

Thus, while Micron may not have believed it was likely to succeed in a challenge to venue, the defense of improper venue based on precedent over a half century old hardly can be deemed "unavailable." *See, e.g.*, Ex. 1, *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, ECF No. 298 (E.D. Va. June 7, 2017) (denying a motion to transfer raised for the first time after the Supreme Court's *TC Heartland* decision, finding that defendant had waived the defense of improper venue by failing to raise it as a timely defense, and stating that "*Fourco* has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957").[1] Indeed, the defendant in *TC Heartland* raised exactly such a defense by timely filing a Rule 12(b)(3) motion and properly challenging venue on the basis of *Fourco* with its first defensive move. *See* Ex. 2, *Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, No. 1:14-cv-00028-LPS, ECF No. 7 at 1 (D. Del. June 23, 2014); Ex. 3, *id.*, ECF No. 8 at 2, 11-12. Micron fails to explain how the *Fourco* venue defense was available to TC Heartland in June of 2014, but somehow unavailable to Micron in October 2016.

Second, the cases cited by Micron do not advance its cause. *Glater v. Eli Lilly & Co.*, 712 F.2d 735 (1st Cir. 1983), does not address the "availability" of a purportedly new legal defense at all. Rather, it addresses a situation where a plaintiff misrepresented an issue of <u>fact</u> in its pleadings – a fact which, once discovered, gave rise to a previously unknowable defense of lack of personal jurisdiction. *See Glater*, 712 F.2d at 738 (noting jurisdictional challenge was "unavailable" due to plaintiff's misrepresentation of its own state of residence). Here, Micron is in full command of the facts relevant to venue, *i.e.*, where it is incorporated and where it

---

[1] All Exhibits listed herein are attached to the Declaration of William Belanger, filed with this Opposition.

maintains regular and established places of business. The type of "unavailability" forming the basis of a finding of no waiver in *Glater* is simply not at issue here.

Micron's reliance on a Second Circuit decision, *Holzsager v. Valley Hospital*, 646 F.2d 792 (2d Cir. 1981), is equally misplaced. Unlike Micron, the defendant in *Holzsager* raised a timely challenge to personal jurisdiction (not venue) in its <u>first defensive move</u> by raising it as an affirmative defense. *See Holzsager*, 646 F.2d at 794. Further, the intervening Supreme Court ruling that gave rise to the defendant's ultimately successful jurisdictional challenge was on an issue of first impression to the Supreme Court: whether a state statute related to quasi-in-rem attachments that provided the basis for the court's jurisdiction was constitutional. *See Holzsager*, 646 F.2d at 795. Micron's position is far different than the defendant in *Holzsager*. Here, Micron failed to challenge venue until now, and the purportedly "unavailable" defense has been a matter of established Supreme Court precedent for sixty years.

Simply put, Micron's failure to raise the issue of improper venue until now is fatal to its request to dismiss or transfer this case. The defense of improper venue under sixty year old Supreme Court precedent was just as "available" to Micron as it was to TC Heartland. Accordingly, Harvard respectfully requests that this Court deny Micron's Motion.

**B.     Micron Submitted To Venue By Asserting A Permissive Counterclaim.**

Moreover, Micron's conduct in this Court signals its submission to this District as a proper venue. Venue, "[b]eing a privilege, [] may be lost … by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939) (citing *Commercial Casualty Ins.*, 278 U.S. at 179). As detailed above, between filing its Rule 12(b)(6) Motion (in which it failed to challenge venue), and filing the instant Motion, Micron: (a) filed several IPRs challenging the validity of the Asserted Patents at the PTO and then moved this Court to stay this case in favor of those IPRs; and (b) filed an Answer

in this case asserting a counterclaim for a declaratory judgment of invalidity with respect to the Asserted Patents. All the while, as this case has been set for trial in April 2018, the parties (including Micron) have been engaged in discovery on all claims and defenses. *See, e.g.*, *Plunkett*, 409 F. Supp. 2d at 42 (finding that defendants "[f]or all intents and purposes … abandoned their defense" where they "marginally claimed" improper venue in answer then participated in scheduling conference, conducted discovery, consented to mediation, entered into protective order, and moved court for counsel to appear *pro hac vice*). Thus it appears that Micron's current venue challenge may be directed more at delaying or obstructing the progress of this case than alleviating the effects of an allegedly improper venue.

Regardless, by filing a permissive counterclaim seeking declaratory judgment of invalidity of the Asserted Patents, Micron submitted to venue in this District. *See Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1326-27 (Fed. Cir. 2008) (numerous Federal Circuit "patent cases necessarily assume that an invalidity defense is not a compulsory counterclaim," because in each case where "a counterclaim of invalidity could have been asserted," the Federal Circuit has refused to "find general preclusion of the invalidity defense"). *Id.* at 1327. Moreover, Micron also sought to avail itself of the protection of the PTO by filing IPRs (and sought to stay this case in favor of these IPRs) before filing its counterclaim. In other words, Micron's invalidity "claim was the subject of another pending action," rendering it permissible. *See* Fed. R. Civ. P. 13(a)(2)(A).

Numerous courts have recognized that filing a counterclaim, as Micron has done in this case, effectively waives a right to challenge venue. *See, e.g.*, *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 453 (1943) (defendant "filed a counterclaim in the action" and "thus invoked the jurisdiction of the federal court and submitted to it"); *Neifeld v. Steinberg*, 438 F.2d 423, 429

n.13 (3d Cir. 1971) (citing cases); *Switzer Bros., Inc. v. Chi. Cardboard Co.*, 252 F.2d 407, 411 (7th Cir. 1958) ("plaintiff corporation effectively waived any issue of venue by answering [defendant's] counterclaim and by filing its own counterclaim," and thus "not only waived venue but again submitted itself to the jurisdiction of the Court").  Even those courts that have allowed a venue challenge to continue when a counterclaim is filed have done so when venue was challenged at the outset of the litigation: "the filing of a counterclaim, permissive or otherwise, does not constitute a waiver of a defense of improper venue <u>asserted in an answer</u>." *Hillis v. Heineman*, 626 F.3d 1014, 1018 (9th Cir. 2010) (emphasis added); *see also Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) ("[T]he filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction, whether that objection is raised by motion or answer, <u>provided that the objection is not otherwise waived in the course of the litigation</u>.").

Thus, Micron's failure to preserve its challenge to venue is fatal to its untimely request to dismiss or transfer this case.  By not preserving its venue challenge <u>and</u> then filing a counterclaim on issues that are both inherently permissive and that it had already raised in another forum (in this case, the PTO), Micron has engaged in precisely the kind of conduct that courts have found constitutes submission to a venue.  Accordingly, Harvard respectfully requests that this Court deny Micron's Motion.

### C.     Venue Is Proper Under 28 U.S.C. § 1400(b).

Moreover, venue is proper in this District under 28 U.S.C. § 1400(b).  The available facts show that Micron "has committed acts of infringement and has a regular and established place of business" in this District.  28 U.S.C. § 1400(b).[2]

To support its venue challenge, Micron claims that it "maintains no physical presence, *i.e.*, no facilities and no offices, in this District," has no bank accounts, and "does not manufacture any products or warehouse any inventory in Massachusetts."  ECF No. 84 at 6.  As a preliminary matter, the Federal Circuit has made clear that a determination of whether a corporation has a "regular and established place of business" sufficient to confer venue under § 1400(b) does not necessarily depend on any of these facts.  *In re Cordis Corp.*, 769 F. 2d at 735-37 (finding proper venue in a district where a defendant corporation had two full-time sales representatives working out of their homes, despite the fact that defendant was not registered to do business in the district, did not have a bank account in the district, and did not own or lease any real property within the state).

Further, although contending that it has no employees in Massachusetts, Micron admits that one of its subsidiaries, Micron Semiconductor Products, Inc. ("MSP"), "employs four individuals who live in Massachusetts" and work from their homes.  ECF No. 84 at 6 & n.2.  Citing *Aro Manuf. Co. v. Automobile Body Research Corp.*, 352 F.2d 400, 404 (1st Cir. 1965), Micron argues that it is shielded from venue in this District because the entity that has employees in Massachusetts is its subsidiary.  *See* ECF No. 84 at 6 n.2.  However, *Aro* addressed personal jurisdiction, not proper venue under 28 U.S.C. § 1400(b).  A more analogous case is *Stanley*

---

[2] In its Motion, Micron has not challenged that it has "committed acts of infringement" in this District for venue purposes, and instead has argued only that it "does not have a regular and established place of business in this District." ECF No. 84 at 6.

*Works v. Globemaster, Inc.*, 400 F. Supp. 1325, 1333 (D. Mass. 1975), which found that "where parent and subsidiary have disregarded all but the formalities of separation, their paper independence must be ignored for purposes of venue" under § 1400(b).  Under *Stanley Works*, MSP's admitted presence in Massachusetts is sufficient to bar Micron's venue challenge.

In *Stanley Works*, the district court noted that "courts have become more willing to look beyond the form to the substance of a corporate relationship and find venue over a foreign [to the district] parent where the local subsidiary is merely an agent through which the parent conducts business in the jurisdiction and with no real semblance of individual identity." *Stanley Works*, 400 F. Supp. at 1331-32.  The court ultimately found "a carefully-sewn web of interrelationships and interdependence between parent and subsidiary making [the subsidiary's] individual identity more apparent than real," and denied the parent corporation's venue challenge.  *Stanley Works*, 400 F. Supp. at 1332-33.

Here, even a brief investigation into publicly available information shows that MSP's "paper independence" from Micron is "more apparent than real."  For example, Micron's SEC filings essentially describe a single, large company: "Micron Technology, Inc., <u>including its consolidated subsidiaries</u>, is a global leader in advanced semiconductor systems" with "manufacturing facilities … located in the United States, China, Japan, Malaysia, Singapore, and Taiwan."  Ex. 4 at 1, 6 (emphasis added).

Further, there is no readily ascertainable distinction between Micron and MSP as corporate entities.  From Micron's own public filings, it appears that MSP's only real function is to secure Micron's debts.  *See* Ex. 4 at 62, 65, 98 (detailing loans and notes, *e.g.*, "guaranteed by MSP and collateralized by substantially all of the assets of MSP").  But much is common between them.  For example:

- Micron's "executive offices are located at 8000 South Federal Way, Boise, Idaho," while MSP's listed address, including for service, is the same: 8000 S. Federal Way, Boise, Idaho.  Ex. 4 at 12; Ex. 5.

- In its Motion, Micron describes MSP as being "an Idaho corporation with its headquarters in Idaho," ECF No. 84 at 6 n.2, but on Micron's website, MSP is listed as one of Micron's offices located in Austin, Texas, *see* Ex. 6 at 1.

- MSP does not appear to have its own website, or any meaningful virtual presence independent from Micron.  *Compare* Ex. 7 (Micron's extensive LinkedIn page), *with* Ex. 8 (MSP's barren LinkedIn page, which locates MSP in Round Rock, Texas).

- MSP's registered agent for service, Joel Poppen, is also Micron's "Vice President, Legal Affairs, General Counsel, and Corporate Secretary."  *See* Ex. 5; Ex. 4 at 10.

- Micron's VP of Human Resources, April Arnzen, is also a VP of MSP.  *See* Ex. 4 at 10; Ex. 5.  Similarly, Micron's VP of Worldwide Sales, Steven Thorsen, is the President and a Director of MSP.  *See* Ex. 4 at 10; Ex. 5.

- A simple LinkedIn search reveals at least thirteen individuals listing themselves as employed by "Micron Technology" (and two more at "Micron") in Massachusetts, at least eight of whom appear to be involved in sales, while only nine individuals in the entire United States (and none in Massachusetts) list themselves as working for Micron Semiconductor Products – including one who also lists "Micron Technology" as her employer.  *Compare* Ex. 9, *with* Ex. 10.

In other words, MSP does not appear to have any virtual or physical presence separate from Micron at all.  Instead, MSP's purported "independence" from Micron is only on paper, and MSP appears to be "merely an agent through which [Micron] conducts business in [*e.g.*, Massachusetts] and with no real semblance of individual identity."  *See Stanley Works*, 400 F. Supp. at 1331-32.  Accordingly, MSP's admitted contacts with Massachusetts should be imputed to Micron for the purposes of venue.  *See id.*

Finally, Micron's presence in Massachusetts is not limited to MSP.  It also maintains a "Sales Network" with substantial Massachusetts connections.  Micron's Sales Network directs users to its designated Sales Representative for Massachusetts, Genesis Associates Inc. in Burlington.  *See* Ex. 11; Ex. 12 (Genesis website detailing Micron news on its homepage).  Micron's Sales Network further directs users to "Micron Authorized Distributors."  *See* Ex. 13.

Of the six "Americas" Distributors, one is based in Massachusetts (Phoenics Electronics), *see* Ex. 14, and another has a location in Massachusetts (WPG Americas), *see* Ex. 15. Finally, Micron touts its expansive sales network as one of its competitive strengths in its public filings, making no distinction between "Micron" sales forces, MSP sales forces, and "independent" representatives simply acting on Micron's behalf. *See* Ex. 4 at 7 ("We market our semiconductor memory products primarily through our own direct sales force and maintain sales or representative offices in our primary markets around the world. … Our products are also offered through independent sales representatives and distributors.").

In light of MSP's Massachusetts presence, and the substantial Massachusetts presence Micron maintains through its Sales Network, Micron has the requisite "regular and established place of business" in this District, and venue is thus proper in this Court under § 1400(b). *See Cordis*, 769 F.2d at 735 (finding "regular and established place of business" under § 1400(b) on the basis of two full time sales representatives working from homes within the district).

Accordingly, Harvard respectfully requests that this Court deny Micron's Motion. If the Court deems the record insufficient to support a finding of proper venue without further evidence, then Harvard respectfully requests the opportunity to conduct discovery specifically related to venue. *See, e.g.*, *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). The foregoing analysis, based only on publicly available information, shows that, at the very least, there is a substantial question as to whether venue is proper.

## IV. CONCLUSION

For all of the foregoing reasons, Harvard respectfully requests that the Court deny Micron's Motion, or, in the alternative, permit Harvard to take discovery into the extent to which Micron has a "regular and established place of business" within the Commonwealth.

Date: June 16, 2017

Respectfully submitted by,

*/s/ William Belanger*
William Belanger
Massachusetts Bar No. 657184
Alison McCarthy
Gregory D. Len
Maia H. Harris
Griffin Mesmer
Pepper Hamilton LLP
19th Floor, High Street Tower
125 High Street
Boston, MA  02110-2736
Telephone: 617.204.5100
Facsimile: 617.204.5150
Email: belangew@pepperlaw.com

***Counsel for President and Fellows of Harvard College***

## **CERTIFICATE OF SERVICE**

I certify that on the 16th day of June, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to the following:

J. Jason Lang (admitted *pro hac vice*)
Jared Bobrow (admitted *pro hac vice*)
Michele Gauger (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Ph: 650-802-3000
E-mail: jason.lang@weil.com
E-mail: jared.bobrow@weil.com
E-mail: michele.gauger@weil.com

Megan H. Wantland (admitted *pro hac vice*)
Weil, Gotshal & Manges LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005
Ph: 202-682-7000
E-mail: megan.wantland@weil.com

Patrick J. O'Toole, Jr.
Weil, Gotshal & Manges LLP
100 Federal Street, Floor 34
Boston, MA 02110
Ph: 617-772-8365
E-mail: patrick.otoole@weil.com

*/s/ William Belanger*
William Belanger